Beth E. Terrell, WSBA #26759
Blythe H. Chandler, WSBA #43387
Attorneys for Plaintiff and the Class
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450
Email: bterrell@terrellmarshall.com
Email: bchandler@terrellmarshall.com

David C. Silver, *pro hac vice forthcoming*
Jason S. Miller, *pro hac vice forthcoming*
Attorneys for Plaintiff and the Class
SILVER MILLER
11780 West Sample Road
Coral Springs, Florida 33065
Telephone: (954) 516-6000
Email: DSilver@SilverMillerLaw.com
Email: JMiller@SilverMillerLaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STORMSMEDIA, LLC, | CASE NO.: 2:17-cv-00438-SMJ |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | **JOINT STIPULATION REGARDING PLAINTIFF'S VOLUNTARY DISMISSAL** |
| GIGA WATT, INC., et al., | |
| Defendants. | |

JOINT STIPULATION REGARDING
PLAINTIFF'S VOLUNTARY
DISMISSAL

Plaintiff Stormsmedia, LLC ("Stormsmedia") and Defendants Giga Watt, Inc. and GigaWatt Pte., Ltd. (collectively, "Giga Watt"), by and through their attorneys of record, hereby stipulate to and respectfully request that the Court enter an order closing the above-captioned matter and dismissing the action with prejudice as to Plaintiff and without prejudice as to the proposed class.

Plaintiff has settled and released its individual claims against Defendants and no longer has standing to pursue the class claims herein.  Because the proposed class has not been certified and because no proposed class members will be bound by or prejudiced by the dismissal of the proposed class claims, dismissal of the action is appropriate.

## I.    STATEMENT OF RELEVANT FACTS AND PROCEEDINGS

Plaintiff filed this action on December 28, 2017, alleging claims for rescission of contract and violations of Sections 5(a) and 5(c) of the Securities Act of 1933, 15 U.S.C. §§ 77e(a) and 77e(c), on behalf of itself and a proposed class of investors who purchased Giga Watt Project Tokens ("WTT") during Giga Watt's initial coin offering.  There have been no substantive pleadings in this action, and the proposed class has not been certified.

Between July 17, 2017, and August 2, 2017, Plaintiff purchased from Giga Watt, in connection with Giga Watt's initial coin offering, 362,122 WTT, 154 D3 Bitmain Servers ("Miners"), and related power supply units in exchange for 332.61230901 bitcoin and 319.994542 Ether having a total dollar value (at the time of purchase) of $953,319.55 ("Purchase Price").  On December 19, 2017, Giga Watt provided to Plaintiff 362,122 WTT.  On December 21, 2017, Giga Watt also

JOINT STIPULATION REGARDING
PLAINTIFF'S VOLUNTARY
DISMISSAL - 1

provided to Stormsmedia 120 Bitmain D3 Servers, and on December 23, 2017, Giga Watt provided Stormsmedia the remaining 34 Bitmain D3 servers.

On January 14, 2018, after arm's length negotiations, the parties agreed that an amicable resolution of Plaintiff's dispute would be preferable to litigation, and that Plaintiff would accept Defendants' offer of a refund of the Purchase Price, in U.S. dollars, in exchange for Plaintiff's return of the WTT, Miners, related power supply units acquired in its purchase, and any cryptocurrency mined by the Miners. On January 15, 2018, the parties executed a settlement agreement (the "Settlement Agreement") to this effect, releasing all of Plaintiff's individual claims against Defendants.

## II. DISMISSAL OF THIS ACTION IS APPROPRIATE

Pursuant to the Settlement Agreement, the parties now respectfully request that the Court dismiss this action with prejudice as to Plaintiff and without prejudice as to the proposed class.

As the proposed class has not been certified and the Settlement Agreement does not resolve or bar claims from proposed class members, the Court approval of Plaintiff's voluntary dismissal is not required under Federal Rule of Civil Procedure 23(e), which provides that "[t]he claims, issues, or defenses of a *certified* class may be settled, voluntarily dismissed, or compromised only with the court's approval" (emphasis added).

The parties respectfully submit that Rule 23 was amended in 2003 to make clear that court approval of settlement, voluntary dismissal, or compromise, as well as Rule 23(e)'s hearing and notice requirements, is required only for certified

JOINT STIPULATION REGARDING
PLAINTIFF'S VOLUNTARY
DISMISSAL - 2

classes.  A hearing is required only "[i]f the proposal would bind class members," and notice need only be provided to those class members who are so bound.  Fed. R. Civ. P. 23(e)(1), (2).  Because the settlement of Plaintiff's individual claims does not bind absent class members, the requirements of Rule 23(e) do not apply to the settlement here.  *See Jou v. Kimberly-Clark Corp.*, No. 13-cv-03075-JSC, 2015 WL 4537533, at *5 (N.D. Cal. July 27, 2015) (noting that Rule 23(e) has been amended to clarify that no notice to the putative class is required); *see also Mahan v. Trex Co., Inc.*, No. 5:09-CV-00670 JF PVT, 2010 WL 4916417, at *2 (N.D. Cal. Nov. 22, 2010) ("[S]ubsequent to the amendment of Rule 23 in 2003 . . . [t]he new rule requires approval only if the claims, issues, or defenses of a *certified* class are resolved by a settlement, voluntary dismissal or compromise.") (emphasis added).  Consequently, this Court's approval of this dismissal is not necessary.

In addition, the voluntary dismissal satisfies the requirements of *Diaz v. Trust Territory of the Pac. Islands*, 876 F.2d 1401 (9th Cir. 1989).  In *Diaz*, which was decided in 1989, before the 2003 amendments to Rule 23(e), the Ninth Circuit held that Rule 23(e) applied even at the pre-certification stage.  For the reasons stated above, the parties submit that *Diaz* has been superseded by the 2003 changes to Rule 23(e).  In any event, the voluntary dismissal here meets the *Diaz* test:

> [T]he district court should inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, and (3) any settlement or concession for class interests made by the class representative or counsel in order to further his own interests.

JOINT STIPULATION REGARDING
PLAINTIFF'S VOLUNTARY
DISMISSAL - 3

1  *Diaz*, 876 F.2d at 1408.  Here, all three elements are met, as discussed below.

2  **A.      Proposed Class Members Have Not Relied on These Class Claims**

3  The timing of this voluntary dismissal – only weeks after Plaintiff's filing of
4  this action – makes it unlikely proposed class members have relied on this lawsuit
5  to their detriment.  *See Wallace v. Universal Fid. LP*, No. C13-0437JLR, 2013
6  U.S. Dist. LEXIS 145189, at *2 (W.D. Wash. Sep. 28, 2013) (crediting the "very
7  early stage" of the settlement in finding that the first *Diaz* factor was met).
8  Relatedly, neither this Court nor any party or counsel has issued any notice to
9  members of the proposed class.  *Id.* (further crediting "absence of previous notice
10  to class members"); *see also* Declaration of Beth E. Terrell  in Support of Joint
11  Stipulation and [Proposed] Order Regarding Plaintiff's Voluntary Dismissal
12  ("Terrell Dec.") ¶ 2.  The coverage of this case has been limited to online blogs
13  following cryptocurrency issues.

14  Accordingly, proposed class members could not have relied on this case.
15  *See Wallace*, 2013 U.S. Dist. LEXIS 145189, at *2-3 (noting lack of "any
16  indication of widespread publicity"); *see also Houston v. Cintas Corp.*, No. C 05-
17  3145 JSW, 2009 U.S. Dist. LEXIS 33704, at *5 (N.D. Cal. April 3, 2009)
18  (approving settlement and dismissal without notice; "although there has been some
19  publicity regarding this case and articles in which some of the Plaintiffs were
20  mentioned by name, it has been minimal.").

21

22

23

24  JOINT STIPULATION REGARDING
    PLAINTIFF'S VOLUNTARY
    DISMISSAL - 4

### B. Proposed Class Members Will Not be Prejudiced by Any Rapidly Approaching Statute of Limitations

The proposed class' claims regarding alleged Securities Act violations implicate a three-year statute of limitations beginning from the time of the putative class members' purchase of WTT through Giga Watt's initial coin offering. 15 U.S.C. § 77m. Under Washington law, claims for recission of a written contract have a six-year statute of limitations. RCW 4.16.040. Such claims arose, at the earliest, on May 19, 2017, the beginning of the pre-sale period for Defendants' initial coin offering. With more than two years remaining on the statute of limitations for such claims, proposed class members have ample time to bring another action. *See Tombline v. Wells Fargo Bank, N.A.*, No. 13-cv-04567-JD, 2014 U.S. Dist. LEXIS 145556, at *7 (N.D. Cal. Oct. 10, 2014) (finding second *Diaz* factor satisfied where "parties state that a bar is not about to fall under an imminent limitations period"). Additionally, as this present action has lasted mere weeks, its effect on the statute of limitations has been negligible. *See Echevarria v. AccentCare, Inc.*, No. 15-cv-00676-EDL, 2015 U.S. Dist. LEXIS 52425, at *7 (N.D. Cal. Apr. 20, 2015) ("given this litigation was only pending for two months, it is unclear whether any or how many class members' [] claims would be barred by the statute of limitations").

### C. Plaintiff Has Not Made Any Concession of Proposed Class Interests to Further Its Own Interests

Finally, because Plaintiff seeks to dismiss the claims of the proposed class without prejudice, the "rights or claims of the putative [collective] members are not

JOINT STIPULATION REGARDING
PLAINTIFF'S VOLUNTARY
DISMISSAL - 5

compromised." *Gonzalez v. Fallanghina, LLC*, No. 16-cv-01832-MEJ, 2017 U.S. Dist. LEXIS 58430, at *16 (N.D. Cal. Apr. 17, 2017) (citation omitted).

### III.  CONCLUSION

For the forgoing reasons, the parties respectfully request that this Court enter an order closing this matter and dismissing this action with prejudice as to Plaintiff and without prejudice as to the proposed class.

The parties respectfully enclose below a proposed order to such effect.

RESPECTFULLY SUBMITTED AND DATED this 19th day of January 2018.

| | |
|---|---|
| TERRELL MARSHALL LAW GROUP PLLC | WILSON SONSINI GOODRICH & ROSATI |
| By: /s/ Beth E. Terrell, WSBA #26759<br>Beth E. Terrell, WSBA #26759<br>Blythe H. Chandler, WSBA #43387<br>Attorneys for Plaintiff and the Class<br>936 North 34th Street, Suite 300<br>Seattle, Washington 98103<br>Telephone: (206) 816-6603<br>Facsimile: (206) 319-5450<br>Email:  bterrell@terrellmarshall.com<br>Email:  bchandler@terrellmarshall.com | By: /s/ Barry M. Kaplan, WSBA #8861<br>Barry M. Kaplan, WSBA #8661<br>Gregory L. Watts, WSBA #43995<br>Attorneys for Defendants Giga Watt, Inc. and Giga Watt, Pte., Ltd.<br>Professional Corporation<br>701 Fifth Avenue, Suite 5100<br>Seattle, WA 98104-7036<br>Telephone: (206) 883-2500<br>Facsimile: (206) 883-2699<br>Email: bkaplan@wsgr.com<br>Email: gwatts@wsgr.com |

1 | David C. Silver,
*pro hac vice forthcoming*
2 | Jason S. Miller,
*pro hac vice forthcoming*
3 | Attorneys for Plaintiff and the Class
SILVER MILLER
4 | 11780 West Sample Road
Coral Springs, Florida 33065
5 | Telephone: (954) 516-6000
Email: DSilver@SilverMillerLaw.com
6 | Email: JMiller@SilverMillerLaw.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24 | JOINT STIPULATION REGARDING
PLAINTIFF'S VOLUNTARY
DISMISSAL - 7

## CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on January 19, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Barry M. Kaplan, WSBA #8661
>Gregory L. Watts, WSBA #43995
>Attorneys for Defendants Giga Watt, Inc.
>and Giga Watt, Pte., Ltd.
>Professional Corporation
>701 Fifth Avenue, Suite 5100
>Seattle, WA 98104-7036
>Telephone: (206) 883-2500
>Facsimile: (206) 883-2699
>Email: bkaplan@wsgr.com
>Email: gwatts@wsgr.com

DATED this 19th day of January, 2018.

>TERRELL MARSHALL LAW GROUP PLLC
>
>By: /s/ Beth E. Terrell, WSBA #26759
>    Beth E. Terrell, WSBA #26759
>    Attorneys for Plaintiff and the Class
>    936 North 34th Street, Suite 300
>    Seattle, Washington 98103
>    Telephone: (206) 816-6603
>    Facsimile: (206) 319-5450
>    Email: bterrell@terrellmarshall.com